UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

 v.              Case No. 07-CR-324

THAO BEE YANG,

    Defendant.

**ORDER DENYING MOTION FOR JUDGMENT OF ACQUITTAL**

  On August 27, 2008, following a two-and-a-half day trial, a federal jury sitting in Green Bay, Wisconsin convicted the Defendant, Thao Bee Yang, of one count of odometer tampering, Count Five of the ten count Indictment, contrary to 49 U.S.C. § 32703(2). A single count of making a false odometer disclosure, Count Ten of the Indictment, had been dismissed on motion of the Government prior to trial. The jury acquitted Yang of an additional four counts of odometer tampering and the four remaining counts of making a false odometer disclosure. The case is now before me on Yang's Motion for Judgment of Acquittal pursuant to Fed. R. Crim. P. 29.

  As the Seventh Circuit has repeatedly noted, a defendant seeking a judgment of acquittal following a jury verdict faces an "uphill battle to prevail on this claim given the high standard of review." *United States v. Farris*, 532 F.3d 615, 618 (7th Cir. 2008). That standard is whether, after viewing the evidence in the light most favorable to the prosecution, "any trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The Seventh Circuit has noted that a verdict should be overturned based on

insufficient evidence "only if the record is devoid of evidence from which a reasonable jury could find guilt beyond a reasonable doubt." *United States v. Curtis*, 324 F.3d 501, 505 (7th Cir. 2003).

In this case, Yang argues that the absence of sufficient evidence is apparent because the jury acquitted him of nine other counts that were based on essentially the same evidence. The circumstantial nature of the evidence, and the fact that the jury found the evidence insufficient as to all other counts, mandates the conclusion, in his view, that the evidence is insufficient as to the remaining count.

As the Government notes, the Seventh Circuit has long held that "each count in an Indictment is to be treated as a separate Indictment and an acquittal on one count does not dictate an acquittal on any other count." *United States v. Campbell*, 985 F.2d 341, 345 (7th Cir. 1993)(citing *United States v. Powell*, 469 U.S. 57 (1984)). The court has observed that a jury may acquit on one count and convict on another "for reasons other than a determination of innocence, such as mistake, compromise or lenity." *Id*. at 345-46. For this reason, courts generally do not assess a verdict on one count by comparing it to the evidence presented on another.

The fact that the specific intent required under the statute was proved by circumstantial evidence also does not constitute grounds for overturning the jury's verdict. Intent is almost always proven by circumstantial evidence and the jury was specifically instructed that circumstantial evidence is entitled to the same weight as direct evidence. Here, the evidence overwhelmingly showed that the Defendant, by his own admission, was responsible for changing the odometer cluster on more than forty Toyotas and other cars that he or his business sold to others. On average, the reduction in mileage after the change of the odometer cluster was approximately 90,000 miles. Moreover, the Government introduced expert testimony that showed the overall failure rate of

2

instrument clusters on mid-90's Toyotas was one to two percent, whereas Yang claimed a failure rate of fifteen to sixteen percent. Yang's testimony that he replaced the instrument cluster every time any light within the cluster went out was not so strong as to mandate acceptance by the jury. The jury could well have concluded that Yang simply was replacing the odometer cluster so as to lower the mileage of each vehicle and sell it for a better price. The fact that the one count on which they returned a verdict of guilty was the only car sold from his own lot after he parted with his partner is sufficient to distinguish the conviction on that count from the others. Thus, I do not find the conviction on that count and acquittal on the others reason for concern.

In sum, considering the evidence as a whole, I am satisfied that a reasonable jury could find that the Defendant's guilt as to Count Five was established beyond a reasonable doubt. Accordingly, the Motion for Acquittal pursuant to Fed. R. Crim. P. 29 is hereby **DENIED**.

**SO ORDERED** this   8th   day of October, 2008.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge